**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

MIKE MARTINEZ,

                    Plaintiff,

vs.                                                 Case No. 3:15-cv-1311-J-JRK

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                    Defendant.
_____/

**OPINION AND ORDER**[2]

**I.  Status**

    Mike Martinez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI").  Plaintiff's alleged inability to work is a result of "Schizophrenia," "Diabet[]es," and "Fatty Liver."  Transcript of Administrative Proceedings (Doc. No. 6; "Tr." or "administrative transcript"), filed January 29, 2016, at 80, 92, 106, 117, 130, 235.  On February 2, 2012, Plaintiff filed applications for DIB and SSI, alleging an onset disability date of May 30, 2008.  Tr. at 201-06 (DIB), 207-12 (SSI).[3]  Plaintiff's applications

---

[1]     Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.  See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 7), filed January 29, 2016; Reference Order (Doc. No. 10), entered April 4, 2016.

[3]     Although actually completed on February 10, 2012, see Tr. at 201, 203, 207, the filing date of the applications is listed elsewhere in the administrative transcript as February 2, 2012, Tr. at 62, 80, 92, 106, 117, 231.

were denied initially, see Tr. at 80-91, 104, 132-37 (DIB), 92-103, 105, 138-44 (SSI), and

were denied upon reconsideration, see Tr. at 106-16, 128, 145-49, 151 (DIB), 117-27, 129,

150, 152-56 (SSI).

On November 26, 2013, an Administrative Law Judge ("ALJ") held a hearing, during

which the ALJ heard testimony from Plaintiff, who appeared with a non-attorney

representative,[4] and a vocational expert ("VE").  Tr. at 2-44.  The ALJ issued a Decision on

April 3, 2014, finding Plaintiff not disabled through the date of the Decision.  Tr. at 62-72.

On September 16, 2015, the Appeals Council denied Plaintiff's request for review, Tr.

at 45-47, thereby making the ALJ's Decision the final decision of the Commissioner.  On

November 2, 2015, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and

1383(c)(3) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the

Commissioner's final decision.

Plaintiff raises two issues on appeal: 1) whether the ALJ erred in "ignor[ing] a

statement from [Plaintiff's] aunt, especially in light of the fact that he requested said

statement"; and 2) whether the ALJ erred in finding that Plaintiff has "no physical limitations

on his ability to perform work" in the assessment of Plaintiff's residual functional capacity

("RFC"), "in light of the fact that [the ALJ] found [Plaintiff's] obesity to be a []severe

impairment."  Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision

(Doc. No. 9; "Pl.'s Mem."), filed April 1, 2016, at 1; see Pl.'s Mem. at 5-11 (argument

regarding issue one), 11-13 (argument regarding issue two).  On May 17, 2016, Defendant

---

[4]     Plaintiff's non-attorney representative at the hearing was Joy Hamilton.  Tr. at 2, 157-58.
She is associated with John Fagan, a lawyer who practices disability law.  Tr. at 157.

filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 12; "Def.'s Mem.") addressing the issues raised by Plaintiff. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 64-72. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since May 30, 2008, the alleged onset date." Tr. at 64 (emphasis and citation omitted). At step two, the ALJ found that "[Plaintiff] has the following severe impairments: schizoaffective disorder, generalized anxiety disorder (GAD), and obesity." Tr. at 64 (emphasis and citation omitted).

---

[5]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"    42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

At step three, the ALJ ascertained that "[Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 65 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] is able to perform simple, routine and repetitive tasks; he can relate adequate[ly] with co-workers and supervisors, but he must avoid contact with the general public; he is able to deal with changes in a routine work setting, free of production line rate paced work.

Tr. at 66 (emphasis omitted). At step four, the ALJ found that "[Plaintiff] is unable to perform any past relevant work" as a "[b]agger." Tr. at 70 (some emphasis and citation omitted). At step five, the ALJ considered Plaintiff's age ("41 years old . . . on the alleged onset disability date"), education ("a least a high school education and is able to communicate in English"), work experience, and RFC, and relied on the testimony of the VE to find Plaintiff is capable of performing work that exists in significant numbers in the national economy. Tr. at 71-72 (some emphasis omitted). Namely, the ALJ identified representative jobs as "[w]axer, [f]loor," "[m]arker," and "[c]leaner, [h]ousekeeping." Tr. at 71. The ALJ concluded that Plaintiff "has not been under a disability . . . from May 30, 2008, through the date of th[e D]ecision." Tr. at 72 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ."

Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

### A. Statement From Plaintiff's Aunt

Plaintiff first contends the ALJ erred in ignoring a third-party statement from his aunt, Carmen Cowart, about how Plaintiff's mental impairments affect him. Pl.'s Mem. at 1, 5-11. Defendant responds that "the ALJ properly considered the record as a whole in assessing Plaintiff's RFC." Def.'s Mem. at 5 (some capitalization and emphasis omitted).  Specifically as to Ms. Cowart's letter, Defendant argues that "the ALJ's implicit rejection of the aunt's report is apparent." Id. at 6.

Ms. Cowart appeared for Plaintiff's hearing, but due to time constraints, was unable to testify that day.  Tr. at 20-22, 42-43.  The ALJ offered to allow Ms. Cowart to come back at a later date, or to submit a letter.  Tr. at 20-22, 42-43.  Evidently, Ms. Cowart chose the latter option, and she submitted a letter dated December 26, 2013 in which she discussed in detail how Plaintiff's impairments affect him.  Tr. at 283-84.  According to Ms. Cowart, she handles "most of the[] affairs" of Plaintiff and his mother (Ms. Cowart's sister).  Tr. at 283. Among other things, Ms. Cowart wrote the following.

Plaintiff "has [been] and continues to be extremely paranoid, often hiding himself in corners of his room." Tr. at 283. Plaintiff "frequently hears voices and sees things others do not see even though he has [been] and continues to be on medication." Tr. at 283.  Plaintiff has been Baker Acted for "delusional thinking with extreme highs and lows."  Tr. at 283. Plaintiff "seldom leaves his home and, if he does, must be accompanied by his mother, sister or [Ms. Cowart] because he has panic attacks and is not able to do even the smallest of tasks without supervision."  Tr. at 283.

Plaintiff "often does not sleep for 3-4 days at a time, frequently pacing and unable to focus or maintain concentration."  Tr. at 283.  His mother administers his medications. Tr. at 283.  He must be reminded to attend doctor's appointments.  Tr. at 284.  When Plaintiff is with family, "he either sits alone or watches television."  Tr. at 283.  "He seldom makes conversation or interacts with the other family members."  Tr. at 283.

When Plaintiff was working as a bagger at a Publix grocery store, "[h]e began to frequently leave his position . . . , retreating to hide in the back of the store away from his fellow employees and customers while experienc[ing] panic attacks."  Tr. at 283.  "He would

become lost when driving the three blocks to Publix from his home," the "same route he drove for many years while employed with Publix."  Tr. at 283.  Despite working for Publix for years, Plaintiff's "mental illness worsened and he was unable to continue due to exacerbation of his mental health issues."  Tr. at 284.

The Regulations provide that the Administration will take into account evidence from family members, relatives, and caregivers in determining "the severity of [a claimant's] impairments and how it affects [the claimant's] ability to work." 20 C.F.R. §§ 404.1513(d)(4), 416.929(c)(3); see also Social Security Ruling 06-03p, 2006 WL 2329939, at *6.  The failure of an ALJ to address such statements in the decision is reversible error, see Lucas v. Sullivan, 918 F.2d 1567, 1574 (11th Cir. 1990), unless the statements are merely "cumulative of the other evidence in the record," De Olazabal v. Soc. Sec. Admin., Comm'r, 579 F. App'x 827, 832 (11th Cir. 2014).

Here, there is no mention of Ms. Cowart's letter in the ALJ's Decision.  See generally Tr. at 62-72.  And, Ms. Cowart's letter paints quite a different picture of how Plaintiff's impairments affect him than did his testimony.  Compare Tr. at 6-38 (Plaintiff's testimony), with Tr. at 283-84 (letter).  In light of the circumstances, the undersigned finds that the letter is not merely cumulative.  The matter must be reversed and remanded for proper consideration of Ms. Cowart's letter.

**B. Obesity**

Plaintiff next contends that the ALJ erred in finding Plaintiff's obesity to be a severe impairment, but then concluding in the RFC that Plaintiff has no physical limitations on his ability to perform work. Pl.'s Mem. at 1, 11-13. Says Plaintiff, the lack of physical limitations

in the RFC cannot be squared with the finding of a severe physical impairment, because, "by definition," a severe impairment causes work-related limitations.  Id. at 13 (emphasis omitted).  Defendant responds that Plaintiff's weight "barely met" the obesity threshold, and in any event, the failure to include limitations from it in the RFC is not problematic.  Def.'s Mem. at 8-11.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment.  See 20 C.F.R. § 404.1520(a)(4)(ii).  At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work[.]"  Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984).  "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).  In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment.  See id.  A claimant has the burden of proving that impairments are severe.  See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments").  Further, "[t]he severe impairment either must have lasted or must be expected to last for at least 12 months."  Davis v. Barnhart, 186 F. App'x 965, 967 (11th Cir. 2006) (unpublished) (citing Barnhart v. Walton, 535 U.S. 212, 216 (2002)).

A severe impairment interferes with a claimant's ability to perform "basic work activities."  See Bowen, 482 U.S. at 141.  The Regulations provide six examples of "basic

work activities": "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b); see also Davis, 186 F. App'x at 966-67.

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, there does appear to be an inconsistency between the ALJ's finding of obesity being a severe impairment at step two, and the ALJ's RFC determination that Plaintiff has no physical limitations on his ability to perform work. See Tr. at 64 (step two finding), 66 (RFC finding). Without explanation by the ALJ, however, judicial review is frustrated. Especially in light of the matter being reversed on the first issue, on remand, the ALJ shall either reconsider these findings, or explain the apparent inconsistency.

## V.  Conclusion

After due consideration, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A)    Properly consider the letter from Plaintiff's aunt, Carmen Cowart;

    (B)    Either reconsider the RFC as it relates to Plaintiff's physical impairment, or sufficiently explain why the RFC does not contain physical limitations; and

    (C)    Take such other action as may be necessary to resolve this matter properly.

2.    The Clerk is further directed to close the file.

3.    In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on February 28, 2017.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
Copies to:
Counsel of record